UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZAMPELL REFRACTORIES, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MID-MAINE WASTE ACTION CORPORATION d/b/a Maine Waste to Energy,<br><br>　　　　　Defendant. | |

**VERIFIED COMPLAINT**
**(Title to Real Estate Is Involved)**

NOW COMES the Plaintiff, Zampell Refractories, Inc. ("Plaintiff") by and through its undersigned counsel, and for its complaint against Mid-Maine Waste Action Corporation d/b/a Maine Waste to Energy ("Defendant") alleges as follows:

## Parties

1.　Plaintiff is a Massachusetts corporation that is duly authorized to do business in the State of Maine. Plaintiff's mailing address is 9 Stanley Tucker Drive, Newburyport, MA 01950

2.　Defendant is a Maine nonprofit corporation under Title 13-B of the Maine Revised Statutes. Defendant's mailing address is 110 Goldthwaite Road, Auburn, ME 04210.

3.　Defendant does business as "Maine Waste to Energy" $^{SM}$ under a service mark that it registered with the Maine Secretary of State on May 22, 2018.

1

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in the Commonwealth of Massachusetts. It is therefore a citizen of the Commonwealth of Massachusetts for purposes of 28 U.S.C. § 1332(c)(1).

6. Defendant is corporation organized under the laws of the State of Maine with its principal place of business in the State of Maine. It is therefore a citizen of the State of Maine for purposes of 28 U.S.C. § 1332(c)(1).

7. The amount in controversy exceeds $75,000, exclusive of interest and costs as Plaintiff seeks damages for breach of contract, the enforcement of mechanic's liens and other relief in an amount exceeding that threshold.

8. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b) because the Defendant has its place of business in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff is a contractor specializing in refractory (i.e., heat-resistant tile and masonry) design, construction, and maintenance.

10. Defendant is the owner and operator of a waste-to-energy plant located at or about 110 Goldthwaite Road, Auburn, Maine (the "Property") with two (2) incinerators capable of incinerating 250-tons of municipal waste per day and equipped with a 5-megawatt turbine generator and advanced air pollution control equipment (the "Plant").

11. Defendant provides waste disposal for its twelve member municipalities.

12. The Property is more particularly described in the following recorded instruments: (i) Deed from the City of Auburn to Mid-Maine Waste Action Corporation dated January 2, 1990 and recorded in the Androscoggin County Registry of Deeds in Book 2508, Page 151; (ii) Deed from Pioneer Plastics to Mid-Maine Waste Action Corporation dated March 19, 1990 and recorded in said registry in Book 2535, Page 266; (iii) Deed from Stanley G. Snow to Mid-Maine Waste Action Corporation dated March 7, 1990 and recorded in said registry of deeds in Book 2535, Page 269; and (iv) subject to an out-conveyance from Mid-Maine Waste Action Corporation to the City of Auburn dated July 5, 1990, recorded in said registry of deeds in Book 2587, Page 103.

13. Defendant and Plaintiff have a business relationship going back approximately twenty years. Defendant frequently issues work orders to Plaintiff on as needed basis to maintain, repair, and improve the refractory lining and ceramic tile walls within the primary and secondary combustion chambers of the incinerators used to burn municipal waste at the Plant.

14. Plaintiff provides Defendant with a vital service that is essential in order to maintain the incinerators in the Plant in good working order. Plaintiff often is required to conduct repairs at the Plant on an emergency basis required to bring the incinerators back online when they go down.

15. The above-referenced incinerators are large industrial machinery affixed to the Plant and the Property.

16. Plaintiff has performed several jobs for the Defendant to maintain, repair, and improve the Plant, and the Property as set forth below for which Defendant has not paid Plaintiff.

17. A spreadsheet summarizing the various jobs at issue in this case is annexed hereto as Bates No. ZR 000001 in the appendix to this Complaint.

### Job 21

18. On or about August 4, 2025, Plaintiff commenced job number 2025309521 ("Job 21") at Defendant's request pursuant to which Plaintiff made refractory repairs on the baffle walls of the incinerators in the Plant.

19. Plaintiff completed Job 21 on September 7, 2025, and has provided Defendant a final invoice in the amount of $99,556.12 for Job 21 which remains unpaid.

20. A true and correct copy of the invoice for Job 21 is annexed hereto as Bates Nos. ZR 000002 – ZR 000004 in the appendix to this Complaint.

### Job 24

21. On or about September 4, 2025, Plaintiff commenced job number 2025309524 ("Job 24") at Plaintiff's request to repair and improve the Plant and its incinerators.

22. Plaintiff completed Job 24 on September 19, 2025, and has provided Defendant final invoices in the total amount of $251,154.31 for Job 24 which remain unpaid.

23. True and correct copies of the invoices for Job 24 are annexed hereto as Bates Nos. ZR 000005 to ZR 000010 in the appendix to this Complaint.

### Job 26

24. On or about September 21, 2025, Plaintiff commenced job number 2025309526 ("Job 26") at Defendant's request to install, and later remove, scaffolding to allow access to the throttle valve to a turbine at the Plant needing repair.

25. Plaintiff completed Job 26 on November 21, 2025, and has provided Defendant final invoices in the total amount of $3,774.50 for Job 26 which remain unpaid.

26. True and correct copies of the invoices for Job 26 are annexed hereto as Bates Nos. ZR 000011 to ZR 000014 in the appendix to this Complaint.

### Job 28

27. On or about October 8, 2025, Plaintiff commenced job number 2025309528 ("Job 28") at Defendant's request to clear residue from waste incineration from the walls of incinerator #2 at the Plant.

28. Plaintiff completed Job 28 on October 27, 2025, and has provided Defendant a final invoice in amount of $20,301.95 for Job 28 which remains unpaid.

29. A true and correct copy of the invoice for Job 28 is annexed hereto as Bates Nos. ZR 000015 to ZR 000016 in the appendix to this Complaint.

### Job 29

30. On or about October 27, 2025, Plaintiff commenced job number 2025309529 ("Job 29") at Plaintiff's request to clean incinerator number 2 at the Plant, make refractory repairs to the roof, make repairs of the refractory in the combustion chamber of an incinerator, and to assist Defendant's employees with cleaning combustion air channels.

31. Plaintiff completed Job 29 on October 31, 2025, and has provided Defendant with a final invoice in the amount of $62,539.24 for Job 29 which remains unpaid.

32. A true and correct copy of the invoice for Job 29 is annexed hereto as Bates Nos. ZR 000017 to ZR 000019 in the appendix to this Complaint.

### Job 30

33. On or about November 22, 2025, Plaintiff commenced job number 2025309530 ("Job 30") to repair, maintain, and improve the Plant and its incinerators.

34. Plaintiff completed Job 30 on December 11, 2025, and has provided Defendant with a final invoice in the amount of $241,179.14 for Job 30 which remains unpaid.

35. A true and correct copy of the invoice for Job 30 is annexed hereto as Bates No. ZR 000020 in the appendix to this Complaint.

36. Defendant specifically requested Plaintiff to undertake perform Jobs 21, 24, 26, 28, 29 and 30 to maintain, repair and/or improve the Plant (collectively the "Work") by virtue of contracts with the Defendant as owner of the Property and the Plant. The Work was furnished by Plaintiff with Defendant's knowledge and consent.

37. Defendant currently owes Plaintiff the principal sum of $678,505.36 for the Work plus interest, costs, attorneys' fees, and statutory penalties by virtue of which Plaintiff claims liens against the Plant, the Property, and all buildings and appurtenances located thereon.

## COUNT I
## MECHANIC'S LIENS
## 10 M.R.S. §§ 3251-3269

38. Plaintiff restates and realleges the previous paragraphs of the Complaint as if fully set forth herein.

39. The Plaintiff claims liens on the buildings or appurtenances described in this Complaint and the land on which the same stands (i.e., the Property and the Plant) in the total amount of $678,505.36 plus interest, pre and post judgment interest, costs, and attorneys' fees allowed by law. Plaintiff claims its liens by virtue of having performed the Work, i.e., labor, materials or services furnished in erecting, altering, moving or repairing buildings, fixtures, or appurtenances pursuant to contracts with the Defendant and with the Defendant's knowledge and consent.

40. For Job 21, Plaintiff claims a lien against the Plant and the Property in the amount of $99,556.12, plus interest, costs, attorneys' fees, and statutory penalties as allowed by law.

41. For Job 24, Plaintiff claims a lien against the Plant and the Property in the amount of $251,154.31, plus interest, costs, attorneys' fees, and statutory penalties as allowed by law.

42. For Job 26, Plaintiff claims a lien against the Plant and the Property in the amount of $3,774.50, plus interest, costs, attorneys' fees, and statutory penalties as allowed by law.

43. For Job 28, Plaintiff claims a lien against the Plant and the Property in the amount of $20,301.95 plus interest, costs, attorneys' fees, and statutory penalties as allowed by law.

44. For Job 29, Plaintiff claims a lien against the Plant and the Property in the amount of $62,539.24 plus interest, costs, attorneys' fees, and statutory penalties as allowed by law.

45. For Job 30, Plaintiff claims a lien against the Plant and the Property in the amount of $241,179.14 plus interest, costs, attorneys' fees, and statutory penalties as allowed by law.

46. As to Jobs 26, 28, 29 and 30, Plaintiff has commenced this action within one hundred twenty (120) days of the last of its Work for those jobs.

47. As to Jobs 21 and 24, Plaintiff has commenced this action within one hundred eighty (180) days of the last of its Work for those jobs. To preserve its liens

pursuant to 10 M.R.S. § 3262, Plaintiff has filed a motion for attachment with this Complaint.

**WHEREFORE,** Plaintiff prays: (a) that the court authorize the attachment of the Property and the Plant pursuant to Fed. R. Civ. P. 64, D. Me. Local R. 64, M. R. Civ. P. 4A, and 10 M.R.S. § 3262 in the amount of $678,505.36; (b) that the court order the Property to be sold and the proceeds of the sale applied to the discharge of the Plaintiff's liens, (c) that this court determine the amount and priority of liens and interests in the Property, (d) that the costs of sale be paid from the proceeds of the sale of the Property, (e) that the Court order the Property sold free and clear of liens, claims and encumbrances that may be of record; (f) that this Court grant Plaintiff judgment in an amount to be determined at trial, including for its costs, costs of sale of the Property, prejudgment interest pursuant to 14 M.R.S. § 1602-B, post-judgment interest and attorneys' fees, (g) that Defendant be held liable to Plaintiff for any deficiency owed to Plaintiff as permitted by law and supported by Plaintiff's contracts and personal claims against Defendant after sale of the Property and after the proceeds of said sale are applied to the discharge of Plaintiff's liens, and (g) for such other and further relief as may be just and proper.

## COUNT II
### BREACH OF CONTRACT / ACCOUNT ANNEXED

48.   Plaintiff restates and realleges the previous paragraphs of the Complaint as if fully set forth herein.

49.   Defendant entered into a series of contracts with the Plaintiff for Plaintiff to provide Defendant with the Work described in this Complaint.

50. Plaintiff has fully performed the Work as agreed.

51. Defendant is in breach of their contracts with the Plaintiff because it has failed to pay Plaintiff for the Work.

52. The account annexed in the appendix to this Complaint at Bates No. ZR 000001 is a true statement of the indebtedness existing between the parties to this action with all proper credits given, and the prices or items charged therein are just and reasonable.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined at trial, and for its costs, prejudgment and post-judgment interest, attorneys' fees as may be allowed by statute, and for such other and further relief as may be just and proper.

## COUNT III
## MAINE PROMPT PAYMENT ACT
## 10 M.R.S. §§ 1111-1118

53. Plaintiff restates and realleges the previous paragraphs of the Complaint as if fully set forth herein.

54. Plaintiff entered into several construction contracts with the Defendant to improve, repair and maintain the Plant and the Property.

55. Plaintiff provided Defendant with final invoices for payment upon the completion of its Work under said contracts.

56. Defendant failed to pay said invoices under the terms of its contracts with the Plaintiff, and in all cases, Defendant has not paid Plaintiff within 20 days

after the end of the billing period or 20 days after delivery of its invoices as required by 10 M.R.S. § 1113(3).

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined at trial, and for its costs, prejudgment and post-judgment interest, and all remedies provided by the Prompt Payment Act, 10 M.R.S. §§ 1111-1118 including, without limitation interest commencing on the 21st day after Plaintiff's invoices to Defendant, a 1% penalty per month for all amounts wrongfully withheld by the Defendant, and Plaintiff's attorneys' fees.

## COUNT IV
## QUANTUM MERUIT

57. Plaintiff restates and realleges the previous paragraphs of the Complaint as if fully set forth herein.

58. This count is pleaded in the alternative to Plaintiff's contract claim.

59. Plaintiff furnished the above-referenced Work, i.e., labor, services and materials to Defendant with their knowledge and consent to maintain, repair and improve the Property and the Plant.

60. Both Plaintiff and Defendant understood that Plaintiff would be compensated for its Work.

61. At all times while Plaintiff was performing and furnishing said Work, Defendant was aware of and accepted the benefit of the same from Plaintiff.

62. Defendant accepted, received, and enjoyed the Work provided by Plaintiff for the benefit of the Plant and the Property.

63. Plaintiff is entitled to be paid the reasonable value of the Work that it provided to the Defendant.

64. Plaintiff has invoiced the Defendant for the Work, but it has not been paid.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined at trial, and for its costs, prejudgment and post-judgment interest, attorneys' fees to the extent permitted by law, and such other and further relief as may be just and proper.

## COUNT V
## UNJUST ENRICHMENT

65. Plaintiff restates and realleges the previous paragraphs of the Complaint as if fully set forth herein.

66. This count is pleaded in the alternative to Plaintiff's contract claim.

67. Plaintiff furnished the Work, i.e, labor, materials, equipment and services which benefitted the Defendant to maintain, repair and improve the Plant and the Property.

68. Defendant knew of, consented to, and appreciated the benefits bestowed upon it by Plaintiff.

69. It would be unjust under the circumstances for Defendant to retain the benefits bestowed upon it by Plaintiff without paying for the value of said benefits.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined at trial, and for its costs, prejudgment and post-judgment

interest, attorneys' fees to the extent permitted by law, and such other and further relief as may be just and proper.

Dated at Portland, Maine this 11th day of February, 2026

Respectfully submitted,

*/s/ Aaron P. Burns*
Aaron P. Burns, Esq.
Attorney for Plaintiff

PEARCE, DOW & BURNS, LLP
P.O. Box 108
Portland, ME 04112-0108
(207) 822-9900
aburns@pearcedow.com

# **VERIFICATION**

I, Stephen J. Murphy, first being duly sworn, do depose and state as follows.

1. I am employed as the Chief Financial Officer of Zampell Refractories, Inc., the Plaintiff in the above-captioned matter. I am authorized to make this verification by the Plaintiff.

2. I have read the foregoing Complaint, and the facts stated therein are true and correct to the best of my knowledge, information and belief.

3. I believe the facts stated in the Complaint to be true.

4. The account annexed to this Complaint in the appendix at Bates No. ZR 000001 is a true statement of the indebtedness existing between the parties to the action with all proper credits given. The prices or items charged therein are just and reasonable.

Dated: February 11, 2026

*/s/ Stephen J. Murphy*
Stephen J. Murphy
Chief Financial Officer
Zampell Refractories, Inc.

**Commonwealth of Massachusetts**

County of Essex, ss.

On this 11th day of February 2026 before me, the undersigned notary public, Stephen J. Murphy personally appeared, proved to me through satisfactory evidence of identification, which was a Massachusetts driver's license to be the person who signed the preceding or attached document in my presence and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief. Mr. Murphy further swore or affirmed to me that he believes the contents of the document to be true.

/s/ Nicholas J. Lynch
Notary Public

SEAL